| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| GROW AMERICA FUND, INC.,<br><br>                                   Plaintiff,<br><br>vs.<br><br>PRIME FOR THE DIME, INC., ZALIK, INC., and MENDEL WEINBERGER,<br><br>                                   Defendants. | Case No.: 1:25-cv-9955<br><br>**COMPLAINT** |

Plaintiff Grow America Fund, Inc. ("GAF"), by its counsel, Hinshaw & Culbertson, LLP, as and for its Complaint against Defendants Prime for the Dime, Inc. ("Prime"), Zalik, Inc. ("Zalik"), and Mendel Weinberger ("Weinberger", and collectively with Prime and Zalik, the "Defendants"), alleges upon information and belief:

## NATURE OF THE ACTION

1. This is an action to recover money damages for breaches of contract and associated guarantees, for replevin/possession of GAF's non-real estate Collateral (as such term is defined herein). A separate action is being contemporaneously commenced against Defendants and others to foreclose upon a collateral mortgage against real property located at 29 Taylor Street, Newark, New Jersey (the "Collateral Real Estate"), which was granted as additional security with respect to the payment of the loans that are the subject hereof.

## JURISDICTION AND VENUE

2. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) as this action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3. Venue is proper in this district by virtue of the contractual agreements between GAF and Defendants pursuant to which Defendants expressly consented to the commencement and prosecution of any action concerning the subject contract in this forum.

## THE PARTIES

4. GAF is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 633 Third Avenue, 19th Floor, Suite J, New York, New York 10017.

5. Upon information and belief, Prime is a corporation organized and existing under the laws of the State of New York with a principal place of business at 5014 16th Avenue, Suite 229, Brooklyn, New York 11204.

6. Upon information and belief, Zalik is a corporation organized and existing under the laws of the State of New York with a principal place of business at 5014 16th Avenue, Suite 605, Brooklyn, New York 11204.

7. Upon information and belief, Weinberger is an individual maintaining a primary residence at 55 North Lorna Lane, Suffern, New York, 10901, 886 Dahill Road, Apt. G-07, Brooklyn, New York 11204, or 2039 60th Street, Apartment 2R, Brooklyn, New York 11204. Upon information and belief, Weinberger is the President of Prime and shareholder of Prime and Zalik.

## FACTUAL BACKGROUND

**The 2018 GAF Loan**

8. On or about December 13, 2018, Prime and Zalik, as borrowers, entered into a Loan and Security Agreement (the "2018 Agreement") with GAF and executed and gave to GAF a

commercial promissory note (the "2018 Note") in the principal amount of $300,000.00 (the "2018 Loan").

9. Pursuant to the 2018 Agreement, Prime and Zalik each granted GAF a security interest in their respective personal property.

10. On or about November 14, 2018, GAF caused a UCC-1 to be filed with the Secretary of State for the State of New York evidencing a security interest in all personal property of Prime and "Zalil, Inc."

11. Thereafter, on April 8, 2019, GAF caused a UCC-3 to be filed with the Secretary of State for the State of New York amending the prior UCC-1 to correctly refer to Zalik rather than "Zalil, Inc."

12. Pursuant to the 2018 Note, Prime and Zalik were expected to make principal and interest payments of not less than $3,503.50 every month, beginning February 1, 2019.

13. As further consideration for GAF entering into the 2018 Agreement and to secure the repayment of the 2018 Note, Weinberger executed an Unconditional Guarantee on or about December 13, 2018.

14. By Mortgage (the "Mortgage"), dated December 13, 2018, in the original principal amount of $300,000.00, executed by the then owners of record, Weinberger and his colleagues, Eli Birnbaum ("E. Birnbaum") and Mendel Birnbaum ("M. Birnbaum"), and recorded in the Office of the Essex County Clerk on December 28, 2018, the then record owners granted GAF a mortgage against their respective rights, interests, and title in and to the Collateral Real Estate as security for the repayment of the 2018 Loan.

99265\327140058.v1

15. Prime and Zalik failed to make payment of the installment payment due under the 2018 Note for April 2024 or any installment payment due thereafter. As such, Prime and Zalik were in default of their respective obligations under the 2018 Agreement and 2018 Note.

16. By letter, dated June 25, 2024, GAF notified Defendants of the default under the 2018 Agreement and 2018 Note and associated Unlimited Guarantees and Limited Guarantee and that the amounts due thereunder had been accelerated.

17. Thereafter, in August 2024, Prime and Zalik satisfied their monetary obligations under the 2018 Agreement and 2018 Note.

**The 2019 GAF Loan**

18. On or about December 18, 2019, Prime and Zalik, as borrowers, entered into a Loan and Security Agreement (the "2019 Agreement") with GAF and executed and gave to GAF a commercial promissory note (the "2019 Note") in the principal amount of $375,000.00 (the "2019 Loan").

19. Pursuant to the 2019 Agreement, Prime and Zalik each granted GAF a blanket security interest in all of their respective personal property (the "Collateral Personalty").

20. The initial interest rate on the 2019 Loan was 6.25% per annum, which was to be adjusted every calendar quarter.

21. Pursuant to the 2019 Note, Prime and Zalik were expected to make principal and interest payments of not less than $4,236.00 every month, beginning March 1, 2020.

22. Pursuant to the 2019 Note, GAF was authorized to charge a late fee of up to 5% of the unpaid portion of any regularly scheduled payment.

23. Pursuant to the 2019 Note and 2019 Agreement, upon default, GAF is authorized to require immediate payment, take action to collect payment, file suit and obtain judgment, take

4

possession of collateral, and/or sell, lease or otherwise dispose of the collateral by public or private sale.

24. Pursuant to the 2019 Agreement, Defendants agreed to submit to the jurisdiction of the United States Courts for the Southern District of New York and/or the New York state courts sitting in New York County.

25. Further, the parties agreed that the substantive laws of New York will govern the 2019 Loan.

26. On December 3, 2019, GAF caused a UCC-1 to be filed with the Secretary of State for the State of New York evidencing a security interest in all personal property of Prime and Zalik.

27. Prime and Zalik were and remain jointly and severally liable to GAF under the 2019 Agreement and 2019 Note.

28. As further consideration for GAF entering into the 2019 Agreement and to secure the repayment of the 2019 Note, Weinberger executed an Unconditional Guarantee on or about December 18, 2019 (the "Guarantee").

29. By Mortgage Modification Agreement (the "Mortgage Modification"), dated December 18, 2019 and recorded with Essex County on January 7, 2020, the maximum amount secured by the Mortgage was increased to $675,000.00 so as to secure the repayment of both the 2019 Loan, as well as the 2018 Loan.

30. Prime and Zalik failed to make payment of the installment payment due under the 2019 Note for April 2024 or any installment payment due thereafter. As such, Prime and Zalik were in default of their respective obligations under the 2019 Agreement and 2019 Note.

31. By letters, dated June 25, 2024 and June 17, 2025, GAF notified Defendants of the default under the 2019 Agreement, 2019 Note, and associated Guarantees and that the amounts due thereunder had been accelerated.

32. No payment has been received by GAF with respect to the 2019 Loan since the June 25, 2024 letter was served upon Defendants.

33. As of November 14, 2025, the sum of $270,204.23, exclusive of attorneys' fees, remains due and owing with respect to the 2019 Loan, and which consists of principal in the amount of $221,891.78, interest of $38,518.31, late fees of $4,932.56, miscellaneous fees of $60.00, and expenses of $4,801.23.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Against Prime and Zalik)**
**(Breach of Contract)**

34. GAF repeats, reiterates and realleges, Paragraphs "1" through "33" of this Complaint with the same force and effect as if fully set forth herein at length.

35. Prime and Zalik failed to make the monthly payment due in April 2024 with respect to the 2019 Agreement and 2019 Note, and any subsequent monthly payments, and that failure has now been deemed to be an event of default of the 2019 Agreement.

36. By reason of Prime's and Zalik's failure to make payments when due, Plaintiff accelerated the balance due under the 2019 Agreement and 2019 Note.

37. As a result of the foregoing, GAF has been damaged in the sum of not less than $270,204.23, inclusive of late fees, interest, and expenses through November 14, 2025, but exclusive of attorneys' fees.

38. By virtue of the foregoing, GAF is entitled to judgment as against Prime and Zalik, jointly and severally, in the amount of not less than $270,204.23, together with appropriate interest thereon, the costs and disbursements of this action, and reasonable attorneys' fees.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Against Weinberger)**
**(Breach of Guarantee)**

39. GAF repeats, reiterates and realleges the allegations set forth in Paragraphs "1" through "38" of the Complaint with the same force and effect as if fully set forth herein at length.

40. In order to induce GAF to enter into the 2019 Agreement, Weinberger, in return for good and valuable consideration, executed the Guarantee whereby he absolutely and unconditionally guaranteed the full and prompt payment when due of all present and future obligations of Prime and Zalik with respect to the 2019 Agreement and 2019 Note.

41. By reason of the Guarantee, Weinberger is liable for all charges (including reasonable attorneys' fees, costs, and late fees) which are otherwise due and owing from Prime and Zalik to GAF pursuant to the 2019 Agreement and 2019 Note.

42. Accordingly, Weinberger remains liable to GAF in the amount of not less than $270,204.23 as of November 14, 2025, together with appropriate interest thereon, reasonable attorneys' fees, and the costs of this action.

43. By virtue of the foregoing, GAF is entitled to judgment Weinberger in the amount of not less than $270,204.23, together with appropriate interest thereon, the costs and disbursements of this action, and reasonable attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Against Prime, Zalik, and Weinberger)**
**(Replevin/Possession)**

44. GAF repeats, reiterates and realleges the allegations contained in Paragraphs "1" through "43" of this Complaint with the same force and effect as if fully set forth herein at length.

99265\327140058.v1

45. The 2019 Note provides that in the event of default, GAF may, without notice or demand or notice of any kind, declare the entire unpaid indebtedness to be immediately due and payable, file suit and obtain judgment, repossess and sell, lease or otherwise dispose of the Collateral, including the Collateral Personalty, at public or private sale.

46. Prime and Zalik each have defaulted under the terms of the 2019 Agreement and 2019 Note. As such, GAF is entitled to immediate possession of the Collateral Personalty.

47. Upon information and belief, the Collateral Personalty is being held, detained, and converted by Prime, Zalik, and Weinberger in contravention of the rights of GAF.

48. Accordingly, GAF is entitled to immediate possession of the Collateral Personalty presently owned and hereinafter acquired by Prime and Zalik, respectively.

49. By reason of the foregoing, GAF is entitled to a judgment of possession against Prime, Zalik, and Weinberger requiring them to assemble and surrender to GAF, or its agents, all of the Collateral Personalty presently owned and hereinafter acquired by Prime and Zalik, respectively.

**WHEREFORE**, GAF demands judgment against the Defendants as follows:

(i) On the First Cause of Action, for breach of contract, against Prime and Zalik, jointly and severally, in the sum of not less than $270,204.23, together with appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

(ii) On the Second Cause of Action, for breach of the Guarantee, against Weinberger, in the sum of not less than $270,204.23, together with the appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

(iii) On the Third Cause of Action, for replevin, against Defendants Prime, Zalik, and Weinberger, directing them to assemble and surrender possession to GAF, or its agents, of the Collateral Personalty of Prime and Zalik; and,

(iv)    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
      December 1, 2025                                    HINSHAW & CULBERTSON
                                                         Attorneys for Plaintiff

                                         By:  _s//J. Logan Rappaport_
                                                J. Logan Rappaport, Esq.
                                                800 Third Avenue, 13th Floor
                                                New York, New York 10022
                                                Tel: (212) 655-3864
                                                lrappaport@hinshawlaw.com

99265\327140058.v1